IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-MJ-8023-01-TJJ |
| | ) | |
| WILLIAM CHRESTMAN, | ) | (D.D.C. No. 21-218) |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM IN SUPPORT OF MOTION TO STAY RELEASE ORDER**

The United States of America, by and through undersigned counsel, submits this Memorandum in support of its Motion to Stay the Release Order. (Doc. 10, Gov't. Mot. for Stay.) This Memorandum is filed in compliance with the Court's Order directing the filing by noon on February 21, 2021. (Doc. 11, Order.)

On February 20, 2021, the United States Attorney's Office for the District of Columbia filed a Motion for Stay and Motion to Transport in the District of Columbia, the court having original jurisdiction over the offenses charged in this case, related to this Court's Release Order. Both of the District of Columbia motions are attached.

The United States respectfully requests this Court to stay release until the District of Columbia has time to consider the motions and enter an appropriate order. Specifically, the United States requests that the Court stay the release order until at least the scheduled hearing currently set for Tuesday, February 23, 2021 in the District of Kansas.

If the Release Order (Doc. 9, Memorandum and Order) is effected or implemented and the defendant is released before the District Court has the opportunity to consider the Motion to Stay, the issue will be conclusively disposed of without the District Court exercising its authority

under 18 U.S.C. § 3145.

A similar issue arose in *United States v. Brigham*, 569 F.3d 220, 228 (5th Cir. 2009), with an appeal of a probable cause and detention ruling before a magistrate sought review by the district court.  The defendant argued that the district court had no authority to disturb the magistrate judge's ruling.  The Fifth Circuit disagreed and noted, "[T]he Supreme Court has stressed that the reviewability of a magistrate judge's actions is a critical factor in considering the propriety of an Article III judge's delegation of authority to a magistrate judge." *Id.* at 228 (citation omitted).  In approving the authority to issue a stay of the magistrate's order, the court concluded the following.

> [Defendant] correctly argues that § 3145 does not expressly authorize a stay. Nevertheless, as previously discussed with regard to review of the dismissal order, given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory.  Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

*Id*. at 230.

Jurisdiction over the review of the release order issued by the Magistrate Judge lies with the District Court because the District Court has original jurisdiction over the charged offenses, pursuant to 18 U.S.C. § 3145(a)(1).  That section provides the following.

> (a) Review of a release order. --If a person is ordered released by a magistrate . . .
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. . . . The motion shall be determined promptly.

18 U.S.C. § 3145(a)(1).  *See also United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003); *United States v. Nafea*, 2008 WL 1994888, at *2 (D. Colo. May 6, 2008) ("Under the rule of

*United States v. Cisneros*, the Motion for Revocation must in the first instance be heard by a district judge and may not be heard by a magistrate judge.").

THEREFORE, the United States requests that the Court stay the application of the release order until the hearing scheduled for Tuesday, February 23, 2021, or the appeal is considered by the Court having original jurisdiction over the offenses charged in this case in the District of Columbia.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney


s/ Scott C. Rask
SCOTT C. RASK, #15643
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on February 21, 2021, I electronically filed this Memorandum with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel.

Kirk C. Redmond
First Assistant Federal Public Defender
Kirk_redmond@fd.org
Counsel for Defendant

Chekasha Ramsey
Assistant Federal Public Defender

Che_ramsey@fd.org
Counsel for defendant

                                                 s/ Scott C. Rask
                                                SCOTT C. RASK, #15643
                                                Assistant United States Attorney