In the United States District Court
for the District of Kansas

---

**United States of America**,
                    Plaintiff,

v.                                                      Case No. 21-mj-08023-TJJ

**William Chrestman**,
                    Defendant.

---

### Memorandum Opposing Stay of Release Order

---

This Court *can* stay its order releasing Mr. Chrestman; the relevant question is whether it *should*.[1] There is a familiar framework, repeatedly approved by the Supreme Court, to resolve stay motions.[2] Application of that framework here leads ineluctably to the conclusion that the government's motion for stay should be denied.

---

[1] D.E. 12 at 2. We recognize that there is currently a motion pending in the District of Columbia to stay Mr. Chrestman's release and revoke this Court's release order. D.E. 12, Attachment A. We believe that the government's motion before the district court suffers from the same defects as the government's pleading here, as we will explain below.

[2] It's strange that courts don't seem to employ the traditional stay framework cases arising under the Bail Reform Act. *But see United States v. McNair*, Not Reported in F.Supp., 2009 WL 10708741 at 1 (E.D. N.C. 2009) (applying traditional stay factors to a requested stay of a conditional release order). In the cases we've reviewed in this district, stays seem to be granted automatically, and without challenge. But "a reviewing court may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review. *Nken v. Holder*, 556 U.S. 418, 427 (2009). The traditional four-factor test for evaluating stays must be employed "except when a statutory purpose to the contrary is evident[.]"*Nken*, 556 U.S. at 433, *citing Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952). As the Bail Reform Act says nothing about stays, D.E. 12 at 2, the Court should employ the traditional test in evaluating the government's motion.

The moving party bears the burden of showing that a stay is appropriate[3], and must "make out a clear case of hardship or inequity, if there is even a fair possibility that the stay will damage another party."[4] Stays are disfavored because they operate as "an intrusion into the ordinary processes of administration and judicial review[.]"[5] The "parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders that the legislature has made final."[6]

The legal principles governing stays "have been distilled into consideration of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[7] The "first two factors of the traditional standard are the most critical."[8] The movant

---

[3] *Digital Ally, Inc. v. Enforcement Video, LLC*, Not Reported in F.Supp., 2018 WL 780555 at 1 (D. Kan. 2018), *citing CANVS Corporation v. United States*, 118 Fed.Cl. 587, 591 (2014).

[4] *National Credit Union Administration Board v. RBS Securities, Inc.*, Not Reported in F.Supp., 2013 WL 11332740 at 3 (D. Kan. 2013), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

[5] *Nken* at 427, *citing Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (C.A.D.C.1958) (per curiam).

[6] *Nken* at 427.

[7] *Nken* at 434; *In re: Motor Fuel Temperature Sales Practices Litigation*, Not Reported in F.Supp, 2010 WL 11431878 at 1 (D. Kan. 2010), *citing In re Lang*, 414 F.3d 1191, 1201 (10th Cir. 2005).

[8] *Nken* at 434.

must show both a strong likelihood of succeeding on the merits *and* irreparable injury.[9]

### 1. Strong showing of success on the merits

Here, the government must prove the existence of "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation."[10] But it doesn't even try; the government's pleading fails to identify a single error in the Court's extensive order.[11] When movants prevail on the first factor, it is typically because the court

---

[9] *Curry v. Baker*, 479 U.S. 1301, 1302 (1986) (Powell, J., in chambers) ("It is no doubt true that, absent [a stay], the applicant here will suffer irreparable injury. This fact alone is not sufficient to justify a stay"); *Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1317 (1983) (Blackmun, J., in chambers) ("[L]ikelihood of success on the merits need not be considered ... if the applicant fails to show irreparable injury from the denial of the stay"); *Williams v. Zbaraz*, 442 U.S. 1309, 1311 (1979) (Stevens, J., in chambers) ("[T]he applicant must meet a heavy burden of showing not only that the judgment of the lower court was erroneous on the merits, but also that the applicant will suffer irreparable injury if the judgment is not stayed pending his appeal." *quoting Whalen v. Roe*, 423 U.S. 1313, 1316 (1975) (Marshall, J., in chambers)).

[10] *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996), citing 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, *Federal Practice and Procedure* § 3954 (1995 Supp. at 706) ("serious legal question") and *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir.1981) ("substantial case on the merits when a serious legal question is involved").

[11] *Securities Investor Protection Corp. v. Blinder, Robinson, & Co.*, 962 F.2d 960, 968 (10th Cir. 1992) ("As a basis for such a stay, the movant was required to show the district court: (1) its strong position on the merits of the appeal").

3

committed an obvious legal error.[12] There is none here, and the government's stay motion must be denied as a result.[13]

## 2. Irreparable injury to the government

Irreparable harm must be "certain and immediate, not speculative or theoretical."[14] Simply "showing some possibility of irreparable injury fails to satisfy the second factor."[15] In its only nod to advocating irreparable injury, the government inexplicably claims that unless this Court stays its release order, "the issue will be conclusively disposed of without the District Court exercising its authority under 18 U.S.C. § 3145."[16] The USAO in the District of Columbia has

---

[12] *Compare Republican Party of New Mexico v. King*, 741 F.3d 1089, 1096 (10th Cir. 2013) (Stay inappropriate under the likelihood of success prong because "*Citizens United* governs the outcome in this case."); *F.T.C. v. Mainstream Marketing Services*, 345 F.3d 850, 860-1 (10th Cir. 2003) (Stay appropriate after lengthy analysis of legal merits of First Amendment claim); *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (Because of district court's "legal error", plaintiff "has demonstrated a substantial likelihood of success on the merits on his First Amendment claim that campaign expenditure limitations are unconstitutional given the Supreme Court's clear statement that such limitations are subject to the exacting scrutiny applicable to limitations on core First Amendment rights of political expression[.]" (internal quotation marks omitted).

[13] *Coalition of Concerned Citizens to Make Art Smart v. Federal Transit Administration*, 843 F.3d 886, 904 (10th Cir. 2016) (preliminary injunction inappropriate where no legal error established); *Nken* at 434 ("There is substantial overlap between [the stay factors] and the factors governing preliminary injunctions"); *Moore v. Keller*, Not Reported in F.Supp., 2012 WL 2458605 at 2 (E.D. N.C. 2012) ("Respondents assert that the court has erred and that there is therefore a 'strong likelihood of success on appeal.' However, in support of this contention, apart from challenging the court's reliance on two thematically related cases from other jurisdictions, respondents mostly offer a restatement of arguments already rejected by the court. Thus, for the reasons stated in the court's order granting-in-part and denying-in-part respondents' motion for summary judgment, the court does not find that respondents have demonstrated a strong likelihood of success on appeal.").

[14] *In re American Freight System*, 180 B.R. 646, 647 (D. Kan. 1995).

[15] *Nken* at 434-5 (internal citations and quotation marks omitted).

[16] D.E. 12 at 2-3.

already filed an appeal of this Court's release order. For purposes of this Court's decision, to show irreparable injury, the government must establish that Mr. Chrestman will endanger the community, flee, or obstruct justice in the few days between now and the time the District Court hears the appeal. The government couldn't show that Mr. Chrestman was a risk to do any of those things for the entire duration of his pretrial release; it certainly can't show such risks exist for the short duration before the government's appeal is heard.

3. **Injury to Mr. Chrestman.**

Staying the release order would result in Mr. Chrestman serving an additional period of incarceration. That is injury as a matter of law.[17]

---

[17] *See generally United States v. Sabillon-Umana,* 772 F.3d 1328, 1335 (10th Cir. 2014) ("we can think of few things that affect an individual's substantial rights or the public's perception of the fairness and integrity of the judicial process more than a reasonable probability an individual will linger longer in prison than the law demands only"); *Perez v. Hartley*, Not Reported in F.Supp., 2010 WL 3505062 at 2 (E.D. Cal. 2010) ("continuing Petitioner's incarceration after a successful habeas petition would not only constitute a substantial injury to Petitioner but also extend the constitutional violation Petitioner has suffered."); *Mezhbein v. Salazar*, Not Reported in F.Supp., 2008 WL 1908533 at 3 (C.D. Cal. April 27, 2008) ("[a] stay pending appeal will substantially harm Petitioner ... if the stay is granted Petitioner will face a prolonged period of continued incarceration when the Court has already determined that the denial of parole was not supported by the evidence. There can be no doubt that a stay will substantially injure Petitioner");; *Jordan v. Lamanna*, Not Reported in F.Supp., 2020 WL 6647282 at 6 (S.D. N.Y. 2020 ("Because Jordan 'unquestionably would' suffer substantial injury from continued detention, the Court finds that this factor weighs against a stay and in favor of release."); *Miller v. Fleming*, Not Reported in F.Supp., 2006 WL 1030200 at 2 (W.D. Wash. 2006) ("a stay would substantially injure Mr. Miller. He has already spent approximately five years in prison and is now four months into thirty-six months of community custody. Delaying his release while the appeal is pending would likely leave him in custody for a significant portion of the remaining community custody sentence."); *Spencer v. Scutt*, Not Reported in F.Supp., 2013 WL 5370731 at 5 (E.D. Mich. 2013) ("continued confinement will substantially injure Petitioner."); *Newman v. Metrish*, 300 Fed.Appx. 342, 344, 2008 WL 4858801 (6th Cir. 2008) ("Newman suffered a continuing injury while incarcerated.").

4. **The public interest.**

The Court has already explicitly balanced the public interest in its release order, concluding that Mr. Chrestman is not a danger to the community, a flight risk, or a risk to obstruct justice. The government might not like the result, but it does not quibble with the Court's reasoning. The public interest does not support a stay.

## Conclusion

To obtain a stay, the government must prove both a strong likelihood of success on the merits and irreparable injury in the absence of a stay. Because it fails on both counts, the Court need not analyze the third and fourth factors. If it does, both factors militate against a stay.

Respectfully submitted,

s/ Kirk C. Redmond
KIRK C. REDMOND, #18914
Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603
Phone: 785-232-9828
Fax: 785-232-9886
Email: kirk_redmond@fd.org

s/Chekasha Ramsey
CHEKASHA RAMSEY, #78476
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Phone: 913-551-6712
Fax: 913-551-6562
Email: che_ramsey@fd.org
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 21, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

                                                   s/ Kirk C. Redmond
                                                   KIRK C. REDMOND, #18914